UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

DALE WERNER,

        Plaintiff,

        v.

GROUP HEALTH PLAN, INC.,
*a Coventry Health Care Plan*,

        Defendant.

Case No. 09-cv-891-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Dale Werner's (hereinafter "Werner") Motion to Remand (Doc. 12) and memorandum in support thereof. Defendant Group Health Plan, Inc. (hereinafter "Group Health") filed a Response (Doc. 18) thereto.

For the following reasons, the Court **DENIES** the instant motion.

## BACKGROUND

**I.    Facts**

In considering motions to remand, courts generally accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *See Rutz v. Barnes-Jewish Hosp.*, Case No. 04-cv-0748-MJR, 2005 WL 1389053, at *2 (S.D. Ill. June 3, 2005); *see also Klassy v. Physicians Plus Ins. Co.*, 276 F. Supp. 2d 952, 953 (W.D. Wis. 2003). The Court, accepting all of the allegations in Werner's Complaint (Doc. 4-2) as true and drawing all reasonable inferences in his favor, finds as follows:

At all times relevant to this case, Werner maintained health insurance through a policy issued by Group Health, which included both his wife and dependent child as beneficiaries under the policy. In July 2008, Werner's wife received pre-certification from an agent of Group Health

for a costly medical procedure that she was to undergo the following month. Upon and following such pre-certification, agents of Group Health repeatedly assured Werner that no premium was due on the policy and that a credit balance existed in his favor. Werner and his wife relied on these assurances, and she underwent the procedure as planned.

Group Health paid at least two of the service providers involved in the medical procedure. However, shortly thereafter, Group Health cancelled Werner's health insurance policy, requested repayment for the bills it previously paid as to Werner's wife's procedure, refused to pay the remaining outstanding claims for said procedure, and refused to negotiate or settle any of the outstanding claims with Werner.

## II.     Relevant Procedural Posture

On August 19, 2009, Werner filed suit against Group Health in Madison County, Illinois, asserting claims of breach of contract, fraud, consumer fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, unfair and/or improper claims practice in violation of Section 154.5 of the Illinois Insurance Code, promissory estoppel, and negligent misrepresentation.[1] Werner's claims would not remain in state court for long, as Group Health timely removed the matter to this Court on October 22, 2009.

Group Health believes federal jurisdiction to be appropriate for the following two reasons: 1) Werner's claims have been completely preempted by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq.*, and; 2) diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Werner contests both of these purported bases of federal jurisdiction in the instant motion. Following a general overview of the law governing

---

[1]Werner also seeks attorneys' fees, costs and damages pursuant to Section 155 of the Illinois Insurance Code.

removal and remand, the Court will address the parties' arguments concerning ERISA preemption. As will be seen, the Court need not address issues relating to diversity jurisdiction given that federal jurisdiction exists pursuant to 28 U.S.C. § 1331.[2]

## ANALYSIS

**I.     Removal Generally**

A defendant may remove a case filed in state court to federal court so long as there is original federal jurisdiction over the case. 28 U.S.C. § 1441(a) (2006); *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997). The party invoking the Court's jurisdiction bears the burden of showing that the case is properly brought. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979 (7th Cir. 2000); *Am. Bankers Life Assur. Co. of Fla. v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003). Statutes that provide for removal are to be construed narrowly, and any doubts concerning removal should be resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). In other words, there is a strong presumption in favor of remand. *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

**II.    The Well-Pleaded Complaint Rule and Complete Preemption**

Group Health first contends that Werner's claims should be heard by this Court because they have been completely preempted by ERISA. Federal courts hold subject matter jurisdiction over civil actions "arising under" the laws of the United States. 28 U.S.C. § 1331 (2006). As a general rule, whether a case arises under federal law hinges on what appears in the plaintiff's well-pleaded complaint, as "[i]t is long settled law that a cause of action arises under federal law

---

[2]The Court notes that Group Health's Motion to Dismiss (Doc. 5), which was actually filed before the instant motion, remains ripe for review.

only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). "Thus the defendant cannot cause a transfer to federal court simply by asserting a federal question in his responsive pleading." *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995). This is the so-called "well-pleaded complaint rule." In this case, the face of Werner's complaint does not raise any federal issues, and Group Health does not argue that it does.

There is, however, an exception to the to the well-pleaded complaint rule—the "complete preemption doctrine." This jurisdictional doctrine provides that "to the extent that Congress has displaced a plaintiff's state law claim, that intent informs the well-pleaded complaint rule, and a plaintiff's attempt to utilize the displaced state law is properly 'recharacterized' as a complaint arising under federal law." *Rice*, 65 F.3d at 640 n. 2 (citing *Taylor*, 481 U.S. at 64 (1987)). Put another way, "federal subject matter jurisdiction exists if the complaint concerns an area of law 'completely preempted' by federal law, even if the complaint does not mention a federal basis of jurisdiction." *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1487 (7th Cir. 1996) (citing *Rice*, 65 F.3d at 642).

### III.   Complete Preemption and ERISA

"In [ *Taylor*], the Supreme Court extended the 'complete preemption' exception to the well-pleaded complaint rule to ERISA cases." *Jass*, 88 F.3d at 1487. Subsequently, the Seventh Circuit has held that cases within the scope of ERISA § 502(a), codified at 29 U.SC. § 1132(a), are completely preempted. *Rice*, 65 F.3d at 639-40; *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (quoting *Taylor*,

4

481 U.S. at 65-66)). Therefore, in this case, the Court must decide whether Werner's claim is within the scope of (or arises under) § 502(a).

Section 502(a) states, in relevant part, as follows: "[a] civil action may be brought by participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B) (2006). In determining whether a claim is within the scope of § 502(a), three factors are examined: "(1) whether the plaintiff is eligible to bring a claim under that section; (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a), and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law." *Jass*, 88 F.3d at 1487 (internal quotation marks and citations omitted). More specifically, a plaintiff's eligibility under § 502(a) is a prerequisite to a finding of complete preemption. *Rice*, 65 F.3d at 641. Moreover, in addition to satisfying the first element, *either* the second or third element must be satisfied for complete preemption to occur. *See id*. at 641-43 (wherein the Seventh Circuit held that a state law claim neither arising under § 502(a) nor alleging a breach of an ERISA plan may, nonetheless, be completely preempted if the claim requires a court to construe an ERISA plan).

Here, while the Court's opinion of Werner's argument for remand is not as low as opposing counsel's, it is obvious that this case should remain the domain of federal court. This holding is perhaps best supported by the *Jass* factors. First, as a participant of the health insurance policy with Group Health, Werner is eligible to bring a claim under ERISA § 502(a). Next, Werner's claims fall within the scope of ERISA § 502(a) and its other relevant sections. For example, his breach of contract and promissory estoppel claims are essentially actions for

5

benefits that may be maintained via § 502(a)(1)(B). *See, e.g., Thomason v. Aetna Life Ins. Co.*, 9 F.3d 645, 646 (7th Cir. 1993) (acknowledging that district court's finding of preemption for claims for breach of contract and violation of the Illinois Insurance Code "was quite correct"); *Integrated Health Servs. at Brentwood, Inc. v. Commonwealth Edison*, No. 98 C 0558, 1999 WL 1256255, at *1 (N.D. Ill. Dec. 20, 1999) (wherein the district court held that state-law claims for breach of contract and promissory estoppel were effectively preempted by ERISA). As illustrated in *Rice*, this in itself would completely preempt Werner's claims, but it bears mentioning that the complaint meets the third *Jass* factor as well. Specifically, many, if not all, of Werner's claims will hinge on the Court's interpretation of his health insurance policy with Group Health. While Werner touts the fact that his wife was pre-certified prior to Group Health's alleged wrongful actions, the importance of such pre-certification will inherently be derived from its relation to the terms of the group health plan, which includes sections concerning "Termination of Coverage" (Doc. 18-1) and "Resolving Complaints and Grievances." (Doc. 18-2).[3] This finding is supported by persuasive, analogous case law. *See, e.g., Albright v. Ill. Super Foods, Inc.*, No. 92-cv-701-WDS, 1992 WL 471302, at *1 (S.D. Ill. Dec. 2, 1992) ("Plaintiff's claim in Count I is preempted because an essential element of the claim is that his employment contract required defendant to maintain health coverage. This

---

[3]In considering motions to remand, unlike motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may look beyond the complaint and consider other evidence when ascertaining whether jurisdiction lies therein. *See Gowdy v. Norfolk S. Ry. Co.*, No. 07-CV-0365-MJR, 2007 WL 1958592, at *2-4 (S.D. Ill. July 2, 2007). In short, "the district court has not only the right but the *duty* to 'look beyond the allegations of the complaint,' conduct 'a careful inquiry,' and 'make a conclusive determination whether it has subject matter jurisdiction or not.'" *Id*. at *2 (emphasis in original) (quoting *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)).

'contract' on which plaintiff relies is the health and welfare employee benefit plan . . . [t]herefore, in order for plaintiff to prevail, the Court's inquiry must be directed to the plan, and as a result, the action is precluded by § 514(a) of ERISA.").

In the instant motion's briefing, the parties rely heavily upon *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004). *Jass* comports with *Davila*, and, if anything, *Davila* suggests that this case should remain with this Court. The *Davila* Court explained as follows:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1).

*Id.* at 210 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)). This proposition is at work here and dictates that the instant case remain with this Court. Werner argues that "a denial of coverage" did not occur here because his wife was pre-certified for her procedure. However, health insurance coverage can still be denied following pre-certification. In fact, in the context of a specific operation or procedure, coverage can be denied even after the insurer pays the provider for his services if the insurer thereafter seeks repayment from the insured or provider. Of course, Group Health engaged in this very conduct with respect to Werner's wife's procedure; accordingly, Werner is essentially complaining of a denial of medical care coverage as foretold in *Davila*. Moreover, despite Werner's unsupported contentions to the contrary, the Court finds that the complaint raises no legal duties independent of ERISA that have potentially been violated.

Werner's motion makes much ado about *Franciscan Skemp Healthcare, Inc. v. Central States Joint Board Health and Welfare Trust Fund*, 538 F.3d 594 (7th Cir. 2008). However, *Franciscan Skemp* is very distinguishable from the case at hand. As its name implies,

*Franciscan Skemp* involved a health care provider that sued an employee benefit plan. The Seventh Circuit ultimately denied plaintiff's motion for remand because, if a contract is "between health plans and providers and [does] not [involve] an assignment of benefits [which *Franciscan Skemp* did not], a breach of contract claim is *not* preempted according to case authority . . . ." Ronald J. Cooke, *ERISA Practice and Procedure* § 2:14 (2d ed. 2010) (emphasis added). Put simply, since the instant action is brought by Werner, not his wife's healthcare provider, a different set of legal principles is at play. For the reasons discussed *supra*, these legal principles mandate that this case remain in federal court.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Werner's Motion to Remand (Doc. 12).

**IT IS SO ORDERED.**
**DATED: April 20, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
