UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

DALE WERNER,

        Plaintiff,

    v.                                                                Case No. 09-cv-891-JPG

GROUP HEALTH PLAN, INC.,
*a Coventry Health Care Plan*,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Group Health Plan, Inc.'s (hereinafter "Group Health") Motion to Dismiss (Doc. 5) and Memorandum (Doc. 6) in support thereof. Plaintiff Dale Werner (hereinafter "Werner") filed a Response (Doc. 14) thereto, to which Group Health filed a Reply (Doc. 16). The Court notes that said reply brief, which consisted of six pages of substantive argument, violates the Court's Local Rules. S.D. Ill. L. R. 7.1(c)-(d) ("The party filing [a] reply brief shall state the exceptional circumstances [warranting its filing]. . . . Reply briefs shall not exceed 5 pages."). Group Health is cautioned that page limits and similar restrictions are strictly enforced by this Court, and future filings that do not comport with the Local Rules will be stricken.

For the foregoing reasons, the Court **GRANTS** the instant motion (Doc. 5).

## BACKGROUND

For purposes of a motion to dismiss, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007). As the facts and relevant

posture of this case are chronicled in the Court's other Memorandum and Order (Doc. 30) of April 20, 2010, they need not be repeated here, although the Court assures Werner that all factual allegations and reasonable inferences have been taken in his favor.

On the other hand, it bears mentioning that in the aforesaid order the Court denied Werner's Motion to Remand (Doc. 15), holding that the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA" or "Act"), 29 U.S.C. § 1001, *et seq.*, completely preempted Werner's state-court claims of breach of contract, fraud, consumer fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, unfair and/or improper claims practice in violation of Section 154.5 of the Illinois Insurance Code, promissory estoppel, and negligent misrepresentation.[1] Put simply, the order held that this case should remain the domain of this Court.

Group Health now moves to dismiss on the grounds that Werner's Complaint (Doc. 4-2) fails to state a claim under ERISA. Werner refutes this assertion but, in the alternative, requests leave to amend his complaint.

## ANALYSIS

**I.    Motions to Dismiss Generally**

The federal system of notice pleading requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, the complaint need not allege detailed facts. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir.2007).

---

[1] Werner also seeks attorneys' fees, costs and damages pursuant to Section 155 of the Illinois Insurance Code.

However, in order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under [Federal] Rule [of Civil Procedure] 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). However, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8.

## II.     Complete Preemption and Dismissal of Claims

If ERISA preempts a plaintiff's state-court claims, he is left only with claims arising under the Act, as "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Lister v. Stark*, 890 F.2d 941, 946 (7th Cir. 1989) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)) (quotation marks omitted). As such, "the effect of a court finding that a claim has been preempted [by ERISA] results in the substitution of the applicable federal law in place of the preempted state law, which . . . often results in dismissal of the cause of action." Ronald J. Cooke, *ERISA Practice and Procedure* § 2:14 (2d ed. 2010) (footnote omitted). This is evidenced by decisions from the Seventh Circuit Court of Appeals and other district courts that fall under the Seventh Circuit's purview. *See, e.g., Klassy v. Physicians Plus*

*Ins. Co.*, 371 F.3d 952, 957 (7th Cir. 2004) (affirming district court's dismissal of plaintiff's ERISA-preempted complaint); *Lister*, 890 F.2d at 946 (same); *Julka v. Standard Ins. Co.*, 09-cv-534-SLC, 2010 WL 376938, at *6 (W.D. Wis. Jan. 27, 2010) (complete preemption by ERISA of plaintiff's breach of contract, estoppel, and bad faith claims warranted their dismissal); *Caparelli v. Exelon Corp.*, No. 05-c-7170, 2006 WL 1084289, at *5 (N.D. Ill. Apr. 21, 2006) (plaintiff's complaint dismissed in its entirety with leave to amend as claims for breach of contract, promissory estoppel, and fraud were preempted by ERISA); *Albright v. Ill. Super Foods, Inc.*, No. 92-cv-701-WDS, 1992 WL 471302, at *2 (S.D. Ill. Dec. 2, 1992) (breach of contract claim dismissed due to ERISA preemption).

This makes a great deal of practical sense in light of the numerous distinct rules and regulations that apply in ERISA cases. For example, ERISA does not recognize oral changes to a written benefit plan, thereby precluding estoppel claims that could otherwise be brought at common law. *Russo v. Health, Welfare & Pension Fund, Local 705, Int'l Bhd. of Teamsters*, 984 F.2d 762, 767 (7th Cir. 1993) (collecting cases).

Here, as aforementioned, the Court previously found Werner's state-court claims to be completely preempted by ERISA. Despite the liberal standard of federal notice pleading discussed *supra*, the current complaint does not assert any claim under ERISA nor does it even mentions the acronym, thereby requiring dismissal for failure to state a claim upon which relief can be granted. Even assuming *arguendo* that the complaint states a claim under ERISA, it is in serious need of revision upon the Court's recent finding of preemption.

Per *Lister*, it is possible that some of Werner's claims were swallowed whole. However, a complaint should not be dismissed with prejudice and without leave to amend unless it is clear that an amended complaint would still fail to state a claim upon which relief could be granted. *Gen.*

4

*Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).  Given the possibility that some of Werner's claims could continue forward if pled under ERISA, the Court finds dismissal of the complaint should be without prejudice.  Additionally, Werner should be given an opportunity to file a new complaint.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Group Health's Motion to Dismiss (Doc. 5).  As a result, the Court **DISMISSES** Werner's Complaint (Doc. 4-2) in its entirety **without prejudice**.  Further, the Court **GRANTS** Werner leave to file a new complaint in this matter. **Werner shall have up to and including May 21, 2010, to file said complaint.**

**IT IS SO ORDERED.**
**DATED: April 20, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
